UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE OROZCO, <br> aka GARLOBO OROZCO | ) <br> ) <br> ) | CASE NO. 4:23-CV-02151 <br><br> JUDGE BRIDGET MEEHAN BRENNAN |
| Petitioner, | ) <br> ) | |
| v. | ) <br> ) | |
| WARDEN I. HEALEY, | ) <br> ) | **MEMORANDUM OPINION** <br> **AND ORDER** |
| Respondent. | ) | |

*Pro se* petitioner Jorge Orozco, aka Garlobo Orozco, ("Petitioner") is a federal immigration detainee currently in custody at Federal Correctional Institution, Elkton ("FCI Elkton"). On November 2, 2023, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) For the reasons that follow, this action is DISMISSED.

I.     **BACKGROUND**

Petitioner challenges the Bureau of Prisons' ("BOP") determination of his eligibility for sentence credits under the First Step Act ("FSA"). (*See id.* at 2.)[1] He contends that he has earned FSA time credits toward residential re-entry or home confinement. (*See* Doc. No. 1-2 at 21.) Petitioner further contends that the BOP declared him ineligible to receive time credits and has therefore refused to apply those credits. (*See id.*) According to Petitioner, the BOP's

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

decision was based on two factors: an immigration detainer lodged against him, and a recent determination that he is subject to a final order of removal. (*Id.* at 21-22.)

On December 13, 2022, Petitioner filed a request for an informal resolution, which was not accomplished. (*See id.* at 44.) On December 21, 2022, prison staff determined that Petitioner was not eligible for time credits because Petitioner had a detainer lodged against him. (*Id.*) On February 5, 2023, Petitioner filed a complaint. (*See id.* at 45.) It appears that Petitioner was thereafter deemed eligible and awarded 365 days of time credit. (*Id.* at 48.) The BOP calculated Petitioner's projected release date as December 14, 2023. (*Id.* at 46.)

On August 31, 2023, Petitioner learned that he was subject to a final order of removal, and his estimated release date was changed to December 13, 2024. (*See id*. at 21-22, 51.) Petitioner claims that the BOP "altered" the previously issued detainer, and his "repeated attempts to seek remedy from BOP officials at FCI Elkton" have not resulted in any resolution. (*Id.* at 21-22.) On November 2, 2023, Petitioner filed this habeas action. (Doc. No. 1.)

## II. **LEGAL STANDARD AND DISCUSSION**

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). But before seeking habeas relief under § 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466

(6th Cir. 2013) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231-33 (6th Cir. 2006)). As the Supreme Court has explained, exhaustion serves two important functions: (1) protecting administrative agency authority by providing the agency an opportunity to correct its own mistakes before being haled into federal court; and (2) promoting efficiency by providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (internal citations and quotation marks omitted); *see also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (A) attempt informal resolution with prison staff; (B) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (C) followed by an appeal to the regional director of the federal BOP; and finally; (D) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies[.]" *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust precludes federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *see also Quionones v. Williams*, No. 4:20-cv-01067, 2020 U.S. Dist. LEXIS 178112, at *2 (N.D. Ohio Sept. 28, 2020); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (stating

that exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist") (quoting *Ex parte Hawk*, 312 U.S. 114, 117 (1944)).

With these principles in mind, Petitioner concedes that he has not exhausted his administrative remedies. (*See* Doc. No. 1-2 at 23.) He claims, however, that exhaustion would be futile because his "repeated attempts to seek remedy from BOP officials at FCI Elkton" have not resulted in any resolution and he "tried to resolve the situation with [the] case manager without success and has been told that the BOP's decision is 'final' as to denial of time-credits." (*Id.* at 22, 25.) Petitioner also appears to claim futility because the BOP has "taken a position that ALL inmates with a final order of removal will not receive ANY time credits based on its policy issued by the BOP . . . implementing the First Step Act." (*Id.* at 22.)

It is not clear from the petition whether the final order of removal noted on Petitioner's immigration detainer is correct. If Petitioner is subject to a final order of removal, then his claim fails. 18 U.S.C. § 3632(d)(4)(E)(i) provides that "a prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." *See* 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2) (stating that for any inmate "who is . . . [s]ubject to a final order of removal . . . the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release"). Therefore, based on the plain reading of the statute, not BOP policy, Petitioner is ineligible to apply FSA time credits because he is subject to a final order of removal. *See Lopez-Chavez v. Healy*, No. 4:23-cv-2328, 2024 WL 580973, at *2 (N.D. Ohio Feb. 13, 2024) (requiring prisoner to exhaust and noting that § 3632 provides that certain prisoners are ineligible to receive time credits, such as those subject to a final order of removal under any provision of the immigration laws and those convicted of

4

certain enumerated offenses specified in § 3632(d)(4)(D) (citing *Villegas-Escobar v. Derr*, No. 22-00500, 2023 WL 1993936, at *2 (D. Hawaii Feb. 14, 2023)).

To the extent Petitioner claims that in August 2023, the BOP incorrectly noted that he is subject to a final order of removal, he must exhaust his administrative remedies before initiating a habeas action. *See Alexander v. Warden*, No. 4:23-cv-1142, 2023 WL 4461097, at *2-3 (N.D. Ohio June 26, 2023) (requiring federal immigration detainee to exhaust his claim that he is entitled to sentence credits under the First Step Act); *see also Lopez-Chavez*, 2024 WL 580973 at *2 (same). The pleadings suggest only that Petitioner appealed the BOP's ineligibility determination for his detainer, which proved successful. (*See* Doc. No. 1-2 at 46, 48.) There is no suggestion in the petition that Petitioner attempted to administratively appeal the BOP's determination that Petitioner is ineligible to apply time credits because he is subject to a final order of removal. The Court does not find that an appeal to the BOP would be futile under these circumstances. *See Alexander*, 2023 WL 4461097, at *3. Rather, the Court finds that requiring Petitioner to challenge the alleged "altered" detainer and the BOP's determination that he is ineligible for time credits because he is subject to a final order of removal would promote the goals of exhaustion by providing the BOP an opportunity to apply its expertise and correct its own errors. *See id.* Although Petitioner may doubt that he will get his desired result from the BOP, he cannot be sure until he exhausts his claim with the BOP.

Therefore, to the extent Petitioner claims he is not subject to a final order of removal, he must exhaust his remedies with the BOP first.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243 without

prejudice to Petitioner refiling a petition for habeas relief under § 2241 after exhausting his administrative remedies with the BOP.

    IT IS SO ORDERED.

Date: July 26, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE